1 David M. Kleiman (State Bar No. 194955)
  Email: davidkleiman@lapatents.com
2 21900 Burbank Blvd, Third Floor
  Woodland Hills, CA 91367
3 Telephone: (818) 884-0949
  Facsimile: (818) 332-4373
4
5 Counsel for
  ELECTRO FLASH MEDIA LLC
6 ROSE VALENCIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER ORLANDO TORRES, an individual, NYANIFY, INC., a Texas Corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> ROSE VALENCIA, an individual, ELECTRO FLASH MEDIA, LLC, a California Limited Liability Company <br><br> Defendants. | Case No. 12-CV-7094 CAS(AJWx) <br><br> DEFENDANT ROSE VALENCIA'S & ELECTRO FLASH MEDIA'S ANSWER TO COMPLAINT. <br><br> DEMAND FOR JURY TRIAL |

Defendants Rose Valencia ( "Ms. Valencia") and Electro Flash Media LLC ("EFM"), hereinafter collectively "Defendants", hereby answer the complaint of Christopher Orlando Torres and Nyanify Inc. (hereinafter collectively "Plaintiffs"), demand trial by jury pursuant to Federal Rule of Civil Procedure 38 and Local Rule 38, and respond as follows:

## I. THE PARTIES

1. Responding to the allegations of paragraph 1 of the complaint defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

2. Responding to the allegations of paragraph 2 of the complaint defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

3. Responding to the allegations of paragraph 3 of the complaint defendants admit that Defendant Rose Valencia presently resides in the county of Los Angeles, and otherwise deny any remaining allegations.

4. Responding to the allegations of paragraph 4 of the complaint defendants admit that Defendant EFM is a California limited liability company with a principal place of business in Los Angeles County, and otherwise deny any remaining allegations.

5. Responding to the allegations of paragraph 5 of the complaint the allegations are vague, ambiguous, argumentative, legal conclusions and/or Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on these bases Defendants deny the allegations.

## II. JURISDICTION AND VENUE

6. Responding to the allegations of paragraph 6 of the complaint Defendants deny that Plaintiffs have stated a claim for relief against defendants, but admit that the complaint purports to be one for copyright infringement, and that this federal court has original subject matter jurisdiction under United States law over copyright infringement actions. Defendants otherwise deny the remainder of the allegations.

7. Responding to the allegations of paragraph 7 of the complaint Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

8. Responding to the allegations of paragraph 8 of the complaint Defendants admit that Ms. Valencia resides in this judicial district and that EFM has a principal place of business in this judicial district. Defendants otherwise deny the remainder of the allegations.

9. Responding to the allegations of paragraph 9 of the complaint Defendants admit that venue is proper in this judicial district, but otherwise deny the remainder of the allegations.

## III. GENERAL ALLEGATIONS

10. Responding to the allegations of paragraph 10 of the complaint Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

11. Responding to the allegations of paragraph 11 of the complaint Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

12. Responding to the allegations of paragraph 12 of the complaint Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

13. Responding to the allegations of paragraph 13 of the complaint Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

14. Responding to the allegations of paragraph 14 of the complaint Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

15. Responding to the allegations of paragraph 15 of the complaint Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

16. Responding to the allegations of paragraph 16 of the complaint Defendants deny the allegations.

17. Responding to the allegations of paragraph 17 of the complaint Defendants deny the allegations.

18. Responding to the allegations of paragraph 18 of the complaint Defendants deny the allegations.

19. Responding to the allegations of paragraph 19 of the complaint Defendants deny the allegations.

20. Responding to the allegations of paragraph 20 of the complaint Defendants deny the allegations.

21. Responding to the allegations of paragraph 21 of the complaint Defendants deny the allegations.

## IV. FIRST CLAIM FOR RELIEF
(Copyright Infringement against All Defendants)

22. Responding to the allegations of paragraph 22 of the complaint Defendants incorporate by reference as though fully set forth herein their responses above to the allegations set forth in paragraphs 1 through 21 of the complaint.

23. Responding to the allegations of paragraph 23 of the complaint Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

24. Responding to the allegations of paragraph 24 of the complaint Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

25. Responding to the allegations of paragraph 25 of the complaint Defendants deny the allegations.

26. Responding to the allegations of paragraph 26 of the complaint Defendants deny the allegations.

27. Responding to the allegations of paragraph 27 of the complaint Defendants deny the allegations.

28. Responding to the allegations of paragraph 28 of the complaint Defendants deny the allegations.

## V. SECOND CLAIM FOR RELIEF
**(Common Law Trademark Infringement Against All Defendants)**

29. Responding to the allegations of paragraph 29 of the complaint Defendants incorporate by reference as though fully set forth herein their responses above to the allegations set forth in paragraphs 1 through 28 of the complaint.

30. Responding to the allegations of paragraph 30 of the complaint Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

31. Responding to the allegations of paragraph 31 of the complaint Defendants deny the allegations.

32. Responding to the allegations of paragraph 32 of the complaint Defendants deny the allegations.

33. Responding to the allegations of paragraph 33 of the complaint Defendants deny the allegations.

34. Responding to the allegations of paragraph 34 of the complaint Defendants deny the allegations.

35. Responding to the allegations of paragraph 35 of the complaint Defendants deny the allegations.

36. Responding to the allegations of paragraph 36 of the complaint Defendants deny the allegations.

## VI. THIRD CLAIM FOR RELIEF
### (Lanham Act §43(a) – False Designation of Origin Against All Defendants 15 U.S.C. §1125(a))

37. Responding to the allegations of paragraph 37 of the complaint Defendants incorporate by reference as though fully set forth herein their responses above to the allegations set forth in paragraphs 1 through 36 of the complaint.

38. Responding to the allegations of paragraph 38 of the complaint Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

39. Responding to the allegations of paragraph 39 of the complaint Defendants deny the allegations.

40. Responding to the allegations of paragraph 40 of the complaint Defendants deny the allegations.

41. Responding to the allegations of paragraph 41 of the complaint Defendants deny the allegations.

42. Responding to the allegations of paragraph 42 of the complaint Defendants deny the allegations.

43. Responding to the allegations of paragraph 43 of the complaint Defendants deny the allegations.

44. Responding to the allegations of paragraph 44 of the complaint Defendants deny the allegations.

45. Responding to the allegations of paragraph 45 of the complaint Defendants deny the allegations.

46. Responding to the allegations of paragraph 46 of the complaint Defendants deny the allegations.

## VII. FOURTH CLAIM FOR RELIEF

**(Unfair Competition Against All Defendants –**

**California Business & Professions Code §17200 *et seq*.)**

47. Responding to the allegations of paragraph 47 of the complaint Defendants incorporate by reference as though fully set forth herein their responses above to the allegations set forth in paragraphs 1 through 46 of the complaint.

48. Responding to the allegations of paragraph 48 of the complaint Defendants deny the allegations.

49.  Responding to the allegations of paragraph 49 of the complaint Defendants deny the allegations.

50.  Responding to the allegations of paragraph 50 of the complaint Defendants deny the allegations.

## VIII.  FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer and as affirmative defenses, Defendants deny that they are liable to Plaintiffs on any claim alleged and deny that Plaintiffs are entitled to actual or statutory damages, punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever, and states as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim upon Which Relief Can Be Granted)

51.  The Complaint, on one or more claims set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Fair Use)

52.  On information and belief the claims made in the Complaint are barred, in whole or in part, by the doctrine of fair use.

### THIRD AFFIRMATIVE DEFENSE
### (First Sale Doctrine)

53.  On information and belief the claims made in the Complaint are barred, in whole or in part, by the first sale doctrine.

### FOURTH AFFIRMATIVE DEFENSE
### (Abandonment)

54. On information and belief the claims made in the Complaint are barred, in whole or in part, on the basis that plaintiffs have abandoned the marks asserted in the complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

55. On information and belief the claims made in the Complaint are barred, in whole or in part, because infringement, if any, was innocent.

### SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

56. On information and belief the claims made in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

57. On information and belief plaintiffs' claims are barred by laches.

### EIGHTH AFFIRMATIVE DEFENSE
### (Res Judicata & Collateral Estoppel)

58. On information and belief the claims made in the Complaint are barred, in whole or in part, on the basis that prior actions based, in whole or in part, on the same allegations and underlying facts have already been adjudicated.

### NINTH AFFIRMATIVE DEFENSE
### (Waiver, Acquiescence & Estoppel)

59. On information and belief each of the purported claims set forth in the Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

## TENTH AFFIRMATIVE DEFENSE
### (Non-Infringement)

60. On information and belief Defendants have not infringed any applicable trademarks or copyrights under federal or state law.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Causation)

61. On information and belief Plaintiffs' claims against Defendants are barred because Plaintiffs' damages, if any, were not caused by Defendants.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Damage)

62. On information and belief without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

63. On information and belief Plaintiffs' claims are barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Irreparable Harm)

64. On information and belief Plaintiffs' claims for injunctive relief are barred because Plaintiffs cannot show that they will suffer any irreparable harm from Defendants' actions.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Adequacy of Remedy at Law)

65. On information and belief the alleged injury or damage suffered by Plaintiffs, if any, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

66. On information and belief the claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

67. On information and belief the claims made in the Complaint are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Duplicative Claims)

68. On information and belief without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Defendants or others for any alleged single wrong.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Third Party Use)

69. On information and belief the claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Actions of Others)

70. On information and belief the claims made in the Complaint are barred, in whole or in part, because Defendants are not liable for the acts of others over whom they have no control.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Unenforceability)

71. On information and belief the Plaintiffs' Trademarks and Copyrights are unenforceable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (License/Exhaustion)

72. On information and belief, any alleged acts of infringement are barred on account of one or more licenses granted by Plaintiffs under the Plaintiffs' alleged trademarks or copyrights, or on account of Plaintiffs' rights being exhausted by the authorized sale of a product.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Lack of Copyright Subject Matter Jurisdiction)

73. On information and belief, Plaintiffs' claim for copyright infringement is barred for a lack of subject matter jurisdiction because Plaintiffs

lacks a valid copyright registration, or have not properly or timely registered Plaintiffs' alleged works.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Unconstitutionally Excessive Damages)

74. Plaintiffs' claims are barred because damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the U.S. and California constitutions.

### ADDITIONAL DEFENSES

75. Defendants reserve the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

### REQUEST FOR RELIEF

WHEREFORE, Defendants requests that this Court:

1. Deny all relief requested by Plaintiffs in their complaint;
2. Award Defendants any costs and reasonable attorneys fees allowable by law; and
3. Award Defendants other relief that the Court deems just and proper.

Date: October 2, 2012



_____.
David M. Kleiman
Counsel for
ELECTRO FLASH MEDIA LLC
ROSE VALENCIA

**DEMAND FOR JURY TRIAL**

Defendants, hereby demand a jury trial for all issues so triable in this action pursuant to Fed. R. Civ. P 38 and Local Rule 38.

Date: October 2, 2012



David M. Kleiman
Counsel for
ELECTRO FLASH MEDIA LLC
ROSE VALENCIA